# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Leanue Davis; Oliver King; Dewitt Gibson;

Plaintiffs,

v.

Harry Buffardi; Sergeant Greenwald; Gary James; E. Jacobs; Mike Nealon; C.O. Sheldon; Dr. Dufrense;

Defendants.

No. 0:01-CV-0285 (GLS/GJD)

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendants' Motions for Summary Judgment. Plaintiffs have not responded to this Motion within the deadlines imposed by the Court and have thus failed to create a genuine issue of material fact. Therefore, and for the reasons that follow, Defendants' Motions are granted.

**BACKGROUND**

Plaintiffs Leanue Davis and Dewitt Gibson were imprisoned at the Schenectady County Jail ("SCJ") in 2001.[2] They claim that their constitutional rights were violated while they were imprisoned at SCJ. Defendants are: (1) Harry Buffardi, Chief Administrator and Sheriff for SCJ; (2) Al Greenwald, Grievance Sergeant and Grievance Coordinator at SCJ;

---

[1] This case was originally assigned to the Honorable Gary L. Sharpe. Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is now the Judge of record in this case.

[2] Plaintiff King was dismissed in March 2003 (see Clerk Doc. No. 110).

(3) Gary James, Sergeant at SCJ; (4) Emerich Jacobs, Corrections Officer at SCJ; (5) Mike Nealon, Corrections Officer at SCJ; (6) Adam Sheldon, Corrections Officer at SCJ; and (7) Dr. Dufrense, Medical Director at SCJ.

Plaintiffs' Amended Complaint states sixteen different causes of action.[3]  These causes of action argue that Defendants: (1) failed to provide sufficient access to legal and writing materials necessary to petition the Court; (2) interfered with Plaintiffs' access to the internal grievance process; (3) discriminated against Plaintiffs; (4) retaliated against Plaintiffs for exercising their legal rights; (5) physically assaulted Plaintiff Davis on various occasions; and (6) provided Plaintiff Davis with inadequate medical care.  (See Am. Compl.)  Plaintiffs bring their claims under 42 U.S.C. § 1983.  Defendants Buffardi, Greenwald, James, Jacobs, Nealon and Sheldon (collectively, "SCJ Defendants") bring a collective Motion for Summary Judgment.  Dr. Dufrense also brings his own Motion.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The Court must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party.  Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998).  However, as the United States Supreme Court has stated, "summary judgment procedure is

---

[3]  Only nine of the sixteen causes of action in the Amended Complaint refer to Plaintiff Gibson, while all sixteen causes of action refer to Plaintiff Davis.

properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323 n.4. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.     SCJ Defendants**

SCJ Defendants seek dismissal of Plaintiffs' claims. As noted, neither Plaintiff Davis nor Plaintiff Gibson have responded to the Motion, and therefore there are no issues of fact that remain for trial. Furthermore, 42 U.S.C. § 1983 requires Plaintiffs to demonstrate that an individual acting under color of state law deprived Plaintiffs of a constitutionally protected right. See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004). Plaintiffs' claims fail on the merits because Plaintiffs fail to establish any violation of a constitutionally protected right.

    1.     Access to the Courts

Plaintiffs contends that their constitutional rights were violated because the law library at SCJ was insufficient. (Am. Compl. ¶ 19.) They also argue that SCJ Defendants allowed public defenders to remove pertinent legal materials from the law library, frustrating their right to a fair trial. (Id. ¶ 20.) Prisoners have a constitutionally protected right of access to

the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds, 430 U.S. at 825.) Thus, to demonstrate a constitutional violation, the prisoner must prove that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. In this case, Plaintiffs have offered no proof that the alleged insufficiencies in the law library or the purported actions of the public defender's office frustrated their efforts to bring a legal claim. Therefore, there is no constitutional violation and Plaintiffs' claim on this point fails.

    2.    Right of Visitors

Plaintiffs claim that SCJ Defendants violated their constitutional rights because their visitors were subjected to an oral cavity search. (Am. Compl. ¶¶ 5, 21.) Under 42 U.S.C. § 1983, each Plaintiff must demonstrate a real or threatened injury to himself, not to third parties. See, e.g., Morris v. Lindau, 196 F.3d 102, 113 (2d Cir. 1999) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). Plaintiffs further allege that their constitutional rights were violated because they were not permitted to utilize the inmate grievance process in regards to the searches of these visitors. However, New York law only permits prisoners to seek redress in an individual capacity. See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.3(b). In short, Plaintiffs have failed to show a constitutional violation and their claim on this point fails.

### 3. Blankets, clothing and temperature

Plaintiffs claim that they were denied extra blankets and clothing when SCJ's boiler went out in February 2001. Plaintiffs were pretrial detainees at that time. Challenges to prison conditions by a pretrial detainee are evaluated under the Due Process Clause of the Fourteenth Amendment. See Benjamin v. Fraser, 343 F.3d 35, 49 (2d. Cir. 2003). Plaintiffs must prove that SCJ Defendants were deliberately indifferent and that Plaintiffs were subjected to actual or imminent substantial harm. Id. at 50-51.

The SCJ boiler broke down for a ten day period in February 2001. Plaintiffs submit no evidence that SCJ Defendants were deliberately indifferent to this condition, or that the temperature in SCJ was so cold that Plaintiffs experienced substantial harm. Because Plaintiffs fail to demonstrate a constitutional deprivation, their claim on this point also fails.

### 4. Discrimination

Plaintiff Davis claims that Defendant Sergeant James discriminated against him when he referred to him as a "monkey" and told him that he did not need medical treatment. (Am. Compl. ¶ 23.) However, Plaintiff Davis testified that Defendant James did not say this directly to him, that Defendant James was standing outside his hospital room when he made the remark, and that Plaintiff Davis was unaware to whom Defendant James made this statement. (Greagan Aff. Ex. H. at 23-25.) Moreover, allegations of "verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983." Jermosen v. Coughlin, 878 F. Supp. 444, 449 (N.D.N.Y. 1995). Plaintiff Davis's bald allegations do not demonstrate a constitutional violation, and therefore fail.

5

     5.     <u>Pat Frisk</u>

Plaintiffs claim that their constitutional rights were violated when Defendant Corrections Officer Jacobs performed a pat frisk. (Am. Compl. ¶ 24.) Plaintiffs allege that Defendant Jacobs "used his two fingers to slide up and down the crevice of the buttocks." (<u>Id.</u>) As noted, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees. Plaintiffs must demonstrate that SCJ Defendants were deliberately indifferent and that their actions caused actual or imminent substantial harm. <u>See</u> <u>Benjamin</u>, 343 F.3d at 50-51. Substantive due process prohibits the state actors from engaging in conduct that "shocks the conscience." <u>See</u> <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987). In similar cases, courts have evaluated "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992) (applying to post-trial detainee under Eighth Amendment); <u>see also</u> <u>United States v. Walsh</u>, 194 F.3d 37, 48 (2d Cir. 1999) (applying <u>Hudson</u> analysis to pretrial detainees under Fourteenth Amendment).

Plaintiffs' allegation of harassment that occurred on one isolated occasion does not arise to a constitutional violation that shocks the conscience. Indeed, "the line between a pat down and a fondle is too insubstantial" to support a constitutional claim. <u>Friedman v. Young</u>, 702 F. Supp. 433, 436 (S.D.N.Y. 1988); <u>see also</u> <u>Boddie v. Schneider</u>, 105 F.3d 857, 861 (2d Cir. 1997) (a small number of incidents in which prisoner was allegedly harassed and touched without his consent was not objectively sufficiently serious to state cognizable constitutional claim). Therefore, Plaintiffs' claim on this point fail.

6. <u>Access to inmate grievance process</u>

Plaintiff Davis claims that Defendants Buffardi and Greenwald discriminated against him by refusing to permit him to seek redress under the inmate grievance program. (Am. Compl. ¶¶ 25, 34.) Although Plaintiff Davis has a constitutional right to access the courts, participation in an inmate grievance process is not a constitutionally protected right. <u>See</u> <u>Shell v. Brzezniak</u>, — F. Supp. 2d —, 2005 WL 914437, at * 4 (W.D.N.Y. Apr. 21, 2005); <u>see</u> <u>also</u> <u>Cancel v. Goord</u>, File No. 00-CV-2042, 2001 WL 303713, at * 3 (S.D.N.Y. Mar. 29, 2001) (citing <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991)). Further, there is simply no evidence in the record to support Plaintiff Davis's allegations. Therefore, absent proof of a constitutional violation, his claims on this point fail.

7. <u>Legal materials</u>

Plaintiff Davis alleges that Defendant Corrections Officer Nealon locked him in his cell without due process when Plaintiff Davis asked Defendant Nealon to stop reading his legal papers. (Am. Compl. ¶ 26.) To the extent that Plaintiff Davis conteds that his right to privacy was infringed, his claim fails. Prisoners have limited rights to privacy, and Defendant Nealon's purported reading of Plaintiff Davis's legal materials, without more, does not state a constitutional claim. <u>See</u>, e.g., <u>Warburton v. Goord</u>, 14 F. Supp. 2d 289, 293 (W.D.N.Y. 1998). To the extent that Plaintiff Davis claims that his due process rights were violated because he was confined to his cell, he fails to state a cognizable constitutional liberty interest. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995) (disciplinary confinement must impose an "atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life" to constitute liberty interest). Thus, Plaintiff Davis's claim fails.

      8.     <u>Assault</u>

Plaintiff Davis claims that various SCJ Defendants assaulted him on three different occasions. (Am. Compl. ¶¶ 27-29.) Excessive force claims by a pretrial detainee are evaluated under the minimum standards iterated in <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). <u>See</u> <u>Walsh</u>, 194 F.3d at 48. The amount of force used must be more than "de minimis" or must involve force that shocks the conscience. <u>Id.</u> Assuming that Plaintiff Davis's allegations are true, the alleged use of force in this case is de minimis. Furthermore, Plaintiff Davis's deposition testimony demonstrates that the purported physical assaults occurred after he refused to follow direct orders. (<u>See</u> Greagan Aff. Ex. H at 34-38, 84-85, 91-92.) Finally, Plaintiff Davis offers no evidence that he suffered any injuries whatsoever. <u>See</u> <u>Dawes v. Coughlin</u>, 964 F. Supp. 652, 656-57 (N.D.N.Y. 1997) (discussing excessive force claims). Therefore, Plaintiff Davis's claims fail.

      9.     <u>Confinement pending disciplinary hearing</u>

Plaintiffs allege that their constitutional due process rights were violated when they were locked in their cells while awaiting a disciplinary hearing. (Am. Compl. ¶ 31.) They also allege that their due process rights were violated because they were not credited for time served while awaiting this disciplinary hearing. The record indicates that Plaintiffs were confined for one day prior to the disciplinary hearing. (Greagan Aff. Ex. H at 125-30). This confinement does not constitute an "atypical and significant hardship" sufficient to create a

protected liberty interest. Sandin, 515 U.S. at 483-84; see Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996) (confinement for 12 days while awaiting disciplinary hearing does not implicate protected liberty interest). Furthermore, Plaintiffs' complaint that they were not credited for their pre-hearing confinement does not constitute a constitutional violation. Indeed, New York law does not require that pre-hearing time served to be credited to a disciplinary sentence. See N.Y. Code R. & Regs. tit. 7 § 251-5.1(a),(b); id. § 253.7(a); see also Nowlin v. Selsky, File No. 97-CV-2716, 1992 WL 196782, at * 3 (S.D.N.Y. Aug. 5, 1992) (discussing pre-hearing confinement and credit under New York law). Thus, Plaintiffs' claim on this point also fails.

    10.    Retaliation

Plaintiffs claim that SCJ Defendants retaliated against them because they filed inmate grievances and this civil action. (Am. Compl. ¶¶ 25, 32.) The Court evaluates prisoner claims of retaliation with skepticism and caution. Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003). Retaliation claims are easily fabricated and courts evaluating such claims must avoid unwarranted intrusion into matters of prison administration. Id. To establish a prima facie case of First Amendment retaliation, Plaintiffs must show: (1) that the speech or conduct at issue is protected speech or conduct; (2) that Defendants took an adverse action against Plaintiffs; and (3) there is a causal connection between the protected speech or conduct and the adverse action. Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003). An act is retaliatory only if it would deter "a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Id.; see also Gill v. Pidlypchak, 389 F.3d 379,

381 (2d Cir. 2004). Plaintiffs' claims of retaliation are conclusory and without evidentiary support. Because Plaintiffs fail to prove a prima facie case or that a similarly situated individual would have been deterred from exercising a constitutional right, these claims must be dismissed.

      11.    <u>Commissary Prices</u>

Plaintiffs claim that the commissary prices were excessive, violating their constitutional rights. However, this claim does not amount to a constitutional violation, and must be dismissed. See <u>Chapdelaine v. Keller</u>, File No. 95-CV-1126, 1998 WL 357350, at *14 (N.D.N.Y. Apr. 16, 1998).

      12.    <u>Conclusion</u>

Accordingly, because Plaintiffs fail to demonstrate that any of the SCJ Defendants violated their constitutional rights, Plaintiffs' § 1983 claims fail.

**C.    Defendant Dr. Dufrense**

Plaintiffs complain that Defendant Dr. Dufrense refused to see or treat them for various medical ailments, including chest pain, severe numbness in their finger tips, and lower back pains. (Am. Compl. ¶ 30.) Each Plaintiff must establish that: (1) his medical condition was an objectively a serious one; and (2) Dr. Dufrense acted with deliberate indifference to his medical needs. <u>Brock v. Wright</u>, 315 F.3d 158, 162 (2d Cir. 2003). "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." <u>Hathaway v. Coughlin</u>, 37 F.3d 63, 66 (2d Cir. 1994). A prison official does not act with deliberate indifference unless that official "knows of and

disregards an excessive risk to inmate health or safety." Id.

Dr. Dufrense argues that Plaintiffs' claims must be dismissed because they failed to exhaust their administrative remedies with respect to this medical treatment claim. A prisoner must exhaust his or her administrative remedies before filing a § 1983 action. See 42 U.S.C. § 1997e(a). However, the record reveals that Plaintiffs failed to exhaust their administrative remedies with respect to this medical treatment claim. (See D'Amelia, Jr. Aff. Ex. H.) Moreover, even on the merits, Plaintiffs fail to demonstrate that Dr. Dufrensse was deliberately indifferent to their medical needs. To the contrary, the record is replete with medical complaints, records, and treatments. (Id. Ex. E.) Thus, Plaintiffs' claim on this point fails.[4]

**CONCLUSION**

Plaintiffs fail to demonstrate that a genuine issue of fact remains for trial. In fact, Plaintiffs fail to demonstrate that their constitutional rights were violated. Therefore, Plaintiffs' § 1983 claims must be dismissed. Accordingly, based on all the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The SCJ Defendants' Motion for Summary Judgment (Clerk Doc. No. 135) is **GRANTED**; and

---

[4] Furthermore, to the extent that any of Plaintiffs' other claims are against Dr. Dufrense, they fail because Dr. Dufrense lacked any personal involvement in the constitutional violations alleged. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977). Similarly, these claims also fail because Plaintiffs failed to demonstrate any constitutional violation.

2. Dr. Dufrense's Motion for Summary Judgment (Clerk Doc. No. 132) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 4, 2005

s/ Paul A. Magnuson<br>
Paul A. Magnuson<br>
United States District Court Judge